IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned September 22, 2011

# TYRONE E. McCLAIN d/b/a T-MAC PRODUCTIONS v. BANK OF AMERICA, N.A. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 11C226     Thomas W. Brothers, Judge**

---

**No. M2011-01305-COA-R3-CV - Filed: September 23, 2011**

---

The plaintiff has appealed from an order granting the defendants' motion to dismiss some, but not all, of the plaintiff's claims. Because the order appealed does not resolve all the plaintiff's claims or the defendants' counterclaim, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

Patricia J. Cottrell, P.J., M.S., Frank G. Clement, Jr., and Andy D. Bennett, J.J.

Tyrone E. McClain, Nashville, Tennessee, Pro Se.

James R. Kelley, Nashville, Tennessee, for the appellees, Bank of America, N.A., and Banc of America Strategic Solutions, Inc.

**MEMORANDUM OPINION**[1]

On January 18, 2011, Tyrone E. McClain, d/b/a T-Mac Productions, filed a complaint against Bank of America, N.A. and Banc of America Strategic Solutions, Inc. ("defendants") alleging multiple causes of action including breach of contract, fraudulent misrepresentation, tortious interference with contract, intentional interference with business relationships,

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

intentional interference with personal and credit relationships and violation of the Electronic Funds Transfer Act.[2] The defendants filed a Tenn. R. Civ. P. 12 motion to dismiss all the claims except the breach of contract claim. In addition, Bank of America, N.A. filed counter-claim against Mr. McClain. The trial court granted the motion to dismiss on May 9, 2011, and Mr. McClain filed a notice of appeal to this court.

The record on appeal was received by the clerk of this court on July 7, 2011. Upon review of the record, this court determined that the order appealed did not appear to be a final judgment. Accordingly, on July 18, 2011, the court directed Mr. McClain to obtain a final judgment within sixty days or else to show cause why the appeal should not be dismissed. Before that order was entered, however, the defendants filed a motion to dismiss the appeal and to declare the appeal frivolous. On July 29, 2011, the court reserved judgment on the motion to dismiss pending expiration of the sixty-day period for obtaining a final judgment. The sixty-day time period has now expired, and Mr. McClain has not obtained a final judgment but has filed a response asserting that he filed the appeal in accordance with the instructions of the trial court.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a). The trial court may direct the entry of a final judgment as to fewer than all of the claims or parties, but only upon an express determination that there is no just reason for delay and an express direction for the entry of judgment. Tenn. R. Civ. P. 54.02.

The May 9, 2011 order from which Mr. McClain has appealed granted the defendants' motion to dismiss some, but not all, of Mr. McClain's claims. The order specifically states "the defendants did not seek to dismiss the claims for breach of contract" and "those claims for breach of contract contained in the complaint will continue." Moreover, the trial court has not yet ruled on the counterclaim filed by Bank of America, N.A. Thus the May 9, 2011 order is not final because it does not resolve all the claims between the parties.

The appellant asserts the trial court informed him from the bench that the case was over and instructed him to appeal. The trial court stated "I've ruled and at this level it's over

---

[2] The style of the original complaint refers to Bank of America Corporation, although the body refers to Bank of America, N.A.. The trial court dismissed all the claims against Bank of America Corporation with prejudice. In addition, the trial court allowed Mr. McClain to file an amended complaint naming Bank of America, N.A. as a defendant instead of Bank of America Corporation.

. . . if you have a disagreement you certainly have a right to take it up on appeal." However, the trial court also clearly stated that the breach of contract claim remained and discussed setting the case for trial. Taken in context, we do not view the trial court's statements as indicating either that the order was a final judgment or that Mr. McClain had an immediate right to an appeal. Rather, the trial court merely informed Mr. McClain that it had made its decision regarding the motion to dismiss, no further argument regarding the motion was going to be considered, and the ruling on the motion could be reviewed on appeal, although not necessarily immediately. The trial court certainly did not direct the entry of a final order in accordance with Tenn. R. Civ. P. 54.02, and the trial court has no authority to waive the finality requirements of Tenn. R. App. P. 3 except as provided by Tenn. R. Civ. P. 54.02. In any event, courts speak through their written orders, and the May 9, 2011 order is clearly not final, any statements from the bench to the contrary notwithstanding. Accordingly, the May 9, 2011 order is not appealable as of right, and the appeal must be dismissed.

The defendants have also requested that the court find the appeal to be frivolous and remand the case to the trial court for a determination of damages. Considering all the circumstances, including the reasons for filing the appeal set forth in Mr. McClain's response, we decline to declare the appeal frivolous.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The request for damages for a frivolous appeal is denied. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new appeal be filed, the clerk of this court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. The costs of the appeal are taxed to Tyrone E. McClain and his surety for which execution may issue.

PER CURIAM